UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID SWEENEY                                                                              PETITIONER

V.                                          CIVIL ACTION NO. 3:25-CV-137-KHJ-MTP

WARDEN R.D. KEYES                                                                      RESPONDENT

ORDER

Before the Court is pro se Petitioner David Sweeney's [1, 3] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Sweeney is incarcerated by the Bureau of Prisons (BOP) and seeks a transfer to another prison. [1] at 2–3. For the reasons stated, the Court dismisses this case.

On February 24, 2025, Sweeney filed this Section 2241 habeas action. [1]. He is currently serving his federal sentence at the United States Penitentiary in Yazoo City, Mississippi. Letter [4]. He alleges that he is unsafe and asks the Court to transfer him to a different, low-security prison. [1] at 2–3.

If a favorable ruling would "automatically entitle [the prisoner] to accelerated release," then the action is one for habeas corpus. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). If not, then the proper vehicle may be a civil rights action. *Id.* Habeas review "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). On the other hand, a civil rights action "is an appropriate legal vehicle to attack

unconstitutional . . . conditions of confinement." *Orellana*, 65 F.3d at 31 (citation modified).

Habeas corpus therefore is not available when a prisoner seeks a transfer to another facility. *Hernandez v. Garrison*, 916 F.2d 291, 292–93 (5th Cir. 1990) (per curiam). In *Hernandez*, another federal inmate filed a Section 2241 petition seeking a transfer to different federal prison. *Id.* The Fifth Circuit held that this "type of injunctive relief is not a proper subject for a habeas corpus petition." *Id.*

Like the petitioner in *Hernandez*, Sweeney challenges where he should serve his sentence. This claim is not cognizable in this habeas action because it does not concern the cause of his detention, and success will not automatically entitle him to accelerated release. He merely seeks a change in his custody location.

Rather than liberally construe this action as a non-habeas case, it will be dismissed without prejudice. *See, e.g.*, *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam).

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Sweeney at his address of record.

SO ORDERED, this 24th day of July, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
